## Pennsylvania Co. and Pittsburg F. W. & C. R'y Co. v. City of Chicago, John J. Badenoch et al.

Appellate Courts—*Jurisdiction—Constitutional Questions*.—Where the question involved in an appeal is the legality of an ordinance of the city of Chicago establishing a hack stand in a public street upon the ground that it deprives abutting owners of their property and abridges their rights as such owners without due process of law contrary to the constitution, etc., the construction, that is, the application of a constitutional provision, is fairly debatable and the Appellate Court is without jurisdiction.

In Equity.    Bill for an injunction.    Appeal from the Circuit Court of Cook County;  the Hon. Murray F. Tuley, Judge, presiding.    Heard in this court at the October term, 1897.    Dismissed.    Opinion filed February 14, 1898.

LOESCH BROTHERS & HOWELL, attorneys for appellants.

Contended that the ordinance of December 31, 1885, is illegal and void, because the common council of the city of Chicago had not the power to establish a hack stand in a public street, and such ordinance is also void because unreasonable in imposing an undue burden on appellants' property. R. S. Ill. 1874, Ch. 24, Art. 5, Clause 42 (1 Starr & Curtiss, 701); Cook County v. McCrea, 93 Ill. 236; Huesing v. City of Rock Island, 128 Ill. 465; 1 Dill. Mun. Corp. (4 Ed.), Sec. 89; 2 Dill. Mun. Corp. (4 Ed.), Sec. 683; Sec. 730, and note; Elliott on Roads and Streets, 478; Smith v. McDowell, 148 Ill. 51; Field v. Barling, 149 Ill. 556; Barrows v. Sycamore, 150 Ill. 588; Kreigh v. Chicago, 86 Ill. 407; Stack v. E. St. Louis, 85 Ill. 377; Chicago v. Union Bldg. Ass'n, 102 Ill. 379; Rigney v. Chicago, 102 Ill. 64; Rex v. Russell, 6 East. 427; Rex v. Cross, 3 Camp. 224; Rex v. Jones, 3 Camp. 230; Harrison v. Rutland, 1 Q. B. 142 (s. c., 12 Eng. Rul. Cas. 582, with English and Am. notes, p. 600, 602); Callanan v. Gilman, 107 N. Y. 360 (1 Am. St. Rep. 831, with valuable note by Mr. A. C. Freeman, citing many authorities in point); Commonwealth v. Passmore, 1 Serg. & R. 217; People v. Cunningham, 1 Denio. 524; Turner v. Holtzman, 54 Md. 148; Lockwood v. Wabash R., 122 Mo. 86; Norristown v. Moyer, 67 Pa. St. 355, 360; McCaffrey v. Smith, 41 Hun. 117; Branahan v. Hotel Co., 39 Ohio St. 333; Lancaster v. Reisner (Pa. C. P.) 14 Lanc. L. Rev. 193; Laing v. Americus, 86 Ga. 756 (13 S. E. Rep. 107); Costello v. State, 108 Ala. 45; 1 Am. and Eng. Ency. of Law (2 Ed.), 225; Carrollton v. Bazzette, 159 Ill. 284; Chicago v. Trotter, 136 Ill. 430; Lake View v. Tate, 130 Ill. 247; Tugman v. Chicago, 78 Ill. 405; Chicago v. Rumpff, 45 Ill. 90; 1 Dill. Mun. Corp. (4 Ed.), Sec. 319–322.

That said ordinance (of December 31, 1885, establishing a hack stand on Canal street abutting complainants' property) deprives complainants of their property without their consent and without due process of law, contrary to the constitution of Illinois and of the amendments to the constitution of the United States. Constitution of Illinois, Art. 2, Sec. 2; Constitution of the United States, XIV Amendment Sec. 1, Amendment V; 2 Dill. Mun. Corp. (4 Ed.), Secs. 587b, 656a, 660, 723c, and 730 and notes; 1 Am. and Eng. Ency. of Law (2 Ed.), 225, 226, 238; 24 Am. and Eng. Ency. of Law, 36; Elliott on Roads and Streets, 526, *et seq.;* Lewis Em. Dom., Sec. 114, 115; McCaffrey v. Smith, 41 Hun. 117; Branahan v. Hotel Co., 39 Ohio St. 333; Willamette Iron Works v. Oregon R'y Co., 26 Or. 224; Block v. Salt Lake Rapid Transit Co., 9 Utah, 31; Barrows v. Sycamore, 150 Ill. 588; Field v. Barling, 149 Ill. 556; Chicago v. Union Bldg. Ass'n, 102 Ill. 379; Rigney v. Chicago, 102 Ill. 64; Stack v. E. St. Louis, 85 Ill. 377; Carter v. Chicago, 57 Ill. 284; Buffalo v. Pratt et al., 131 N. Y. 293.

STEDMAN & SOELKE, attorneys for appellees; Owen & Doyle; J. R. CORRIGAN, assistant corporation counsel, attorney for appellee, city of Chicago.

The use of a street or highway, with the consent or acquiescence of the municipal authorities can not be enjoined at the suit of an abutting owner. Doane v. The Lake Street Elevated R. R. Co., 165 Ill. 510; Murphy v. City of Chicago, 29 Ill. 279; Stetson v. Chicago & E. R. R. Co., 75 Ill. 74; Patterson v. Chicago, D. & V. R. R. Co., 75 Ill. 588; Chicago, B. & Q. R. R. Co. v. McGinniss, 79 Ill. 269; Peoria & R. I. R'y Co. v. Schertz, 84 Ill. 135; Penn. Mutual L. Ins. Co. v. Heiss, 141 Ill. 35; Corcoran v. Chicago, M. & N. R. R.

Co., 149 Ill. 291; White et al. v. Elevated R. R. Co., 154 Ill. 620; P. C. R. St. L. Co. v. Bachus, 154 U. S. 421; Truesdale v. The Grape Sugar Co., 101 Ill. 561; World's Col. Exposition v. U. S., 56 Fed. Rep. 654; Dunning v. Aurora, 40 Ill. 481; Bliss v. Kennedy, 43 Ill. 67.

Mr. Justice Sears delivered the opinion of the Court.

On December 31, 1885, there was passed by the Common Council of the city of Chicago, and approved by the Mayor, an ordinance, which is published as Section 1704 in the Laws and Ordinances of the city of Chicago, published in 1890, as follows:

"1704. Stands Established. 1170. Any duly licensed hackney coach, cab or other vehicle for the conveyance of passengers may stand while waiting for employment at any of the following places and for the period of time hereinafter provided."

And among other places, or stands, designated by the ordinance, is: "Stand No. 4.—The east side of Canal street occupying 110 feet between Adams and Madison streets as the superintendent of police shall direct."

And on January 20, 1896, another ordinance was passed and approved, as follows:

"Section 1. That when at or near any railroad passenger depot in the city of Chicago a place has been or shall be designated as a licensed carriage stand it shall be lawful for the drivers of the first double and first single vehicle in line to stand in front of such railroad passenger depot and solicit business, provided such drivers shall not in so soliciting business obstruct the sidewalk, nor stand thereon at a greater distance than two feet from the curb line."

Appellants, as owners of the property situated upon the east side of Canal street, between Adams and

Madison streets, used for a railway passenger station, and being the property in front of which "Stand No. 4," as provided by the ordinance of December 31, 1885, is located, filed their bill of complaint, alleging, among other things, in substance, that said ordinances were restrictive of the rights of complainants as owners of the property described, i.e., that by said ordinances complainants' right of access to the public street from their property was unlawfully interfered with and taken away, and hence that the ordinances were invalid.    The bill prays that the ordinances may be declared to be illegal, and, by way of relief, that defendants, the city of Chicago and superintendent of police, may be enjoined from permitting a hack stand to be maintained in front of complainants' property, as provided by one of said ordinances.

No answer was filed by either the city or the superintendent of police; but leave was given to Doyle and Owen, hackmen, to intervene and answer, and to their answer a general replication was filed.

The chancellor, upon hearing, granted in part, and denied in part, the relief prayed.

The ordinance of January 20, 1896, was decreed to be "illegal, null and void,"' and defendants were enjoined from enforcing it; and the enforcement of the ordinance of December 31, 1885, was so limited by the decree that "said stand shall not interfere with any entrance to or exit from said passenger station," etc.

Appellants complain that the ordinance of December 31, 1885, should have been decreed to be illegal and void, and its enforcement altogether enjoined.

The contention is, in substance, that appellants are unlawfully deprived of their rights as owners of the property described, or that their rights as such owners are unlawfully abridged by the provisions of the ordi-

nance, and hence that the ordinance is illegal and void.

The contention of appellants that the ordinances were unreasonable because their operation would be to create a nuisance, to obstruct public travel, and to prevent ingress and egress at a railway passenger station, was, we think, so far as rights of complainants are concerned, fairly disposed of by the court below, in that the one ordinance was declared void and the other limited to an enforcement in such manner as not to interfere with any entrance to or exit from such passenger station.    There is left only the question, now urged by appellants, viz.: whether the ordinance, which is not declared illegal and void by the court below, but is simply limited in its operation so as to avoid the fault of unreasonableness, should not have been declared altogether illegal and void, as being within the inhibition of the constitution, State or federal, and therefore not capable of cure by any limitation of its enforcement.

Of the authorities cited by counsel, two only are upon facts similar to those here presented, viz.: Branahan v. Hotel Co., 39 Ohio. St. 333; McCaffery v. Smith, 41 Hun. 117.

In each of those cases it was held, in effect, that the legislature of the State could not empower the municipality to enact an ordinance which deprived the property owner of his right of access to the public street, or limited that right by establishing hack stands in front of private property.

We do not discuss or consider the application of these cases as governing the case at bar; it is enough to say that it is difficult to perceive by what limitation, other than a constitutional prohibition, such a conclusion could have been warranted in either case.

And if there were any doubt as to whether the contention in this case presents, as a fairly debatable mat-

ter, the application of the State or federal constitution, such doubt is removed by the assignment of errors. They are:

"I.   Said Circuit Court erred in denying the prayer of complainants for a perpetual injunction against the enforcement of the alleged ordinance of the city of Chicago passed December 31, A. D. 1885, and published as section 1704 of the Laws and Ordinances of Chicago, so far as it established hack stand No. 4.

"II.   Said Circuit Court erred in decreeing the alleged ordinance of the city of Chicago, passed December 31, A. D. 1885, to be a valid ordinance, so far as it related to hack stand No. 4.

"III.   Said Circuit Court erred in decreeing that the City Council of Chicago had authority in law to establish hack stand No. 4, under the said alleged ordinance passed December 31, A. D. 1885, and published as Section 1704 of the ordinances of Chicago.

"IV.   Said Circuit Court erred in not granting the prayer of said complaintants' bill of complaint for a perpetual injunction, restraining the city of Chicago and its superintendent of police and his successors in office from enforcing said alleged ordinance of the city of Chicago passed December 31, A. D. 1885, so far as it related to hack stand No. 4.

"V.   Said alleged ordinance of the city of Chicago, passed December 31, A. D. 1885, so far as it established hack stand No. 4, deprived said appellants of their property without due process of law, contrary to Section 2, of Article II, of the Constitution of Illinois, and also contrary to Section 1, of Article XIV, of the Amendments to the Constitution of the United States.

"VI.   Said Circuit Court, in decreeing the alleged ordinance of December 31, A. D. 1885, so far as it established hack stand No. 4 to be valid ordinance, deprived these appellants of their property without due

process of law, contrary to Section 2, of Article II, of the Constitution of Illinois, and also contrary to Article V and to Section 1, of Article XIV of the Amendments to the Constitution of the United States."

It is difficult to see, from these assignments of error, what question, other than a construction of the constitution, State or federal, is presented. No limitation of authority or power to enact the ordinance is suggested therein, other than the limitations invoked by the fifth and sixth assignments. Such is the view of counsel for appellants, who say in their brief: "The assignments of error question the correctness of the court in sustaining the validity of the ordinance passed December 31, 1885, creating hack stand No. 4, and assign as error the refusal of the Circuit Court to grant the prayer of complainant's bill for a perpetual injunction to restrain the enforcement of said ordinance creating hack stand No. 4, and further alleges as error that said ordinance, so far as it established hack stand No. 4, deprived appellants of their property without due process of law, contrary to Section 2, of Article II, of the Constitution of Illinois, and also contrary to Section 1, of Article XIV, of the Amendments to the Constitution of the United States."

We are of opinion that the construction, i. e., the application of a constitutional provision, is fairly debatable in this case. Hence we are without jurisdiction.

The appeal is dismissed.